IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ARON HAWKINS**                                                                                     **PETITIONER**

**V.**                                                **CAUSE NO. 3:21-CV-00165-MPM-DAS**

**WARDEN RICE, et al.**                                                      **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the *pro se* petition of Aron Hawkins for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred. Despite being granted an extension of time to do so, the petitioner has failed to respond to the motion. The matter is now ripe for resolution. For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Factual and Procedural Background**

Petitioner Aron Hawkins is currently in the custody of the Mississippi Department of Corrections and housed at the East Mississippi Correctional Facility located in Meridian, Mississippi. Doc. # 1. On November 9, 2016, Hawkins entered a guilty plea on the crime of sexual battery of a child under the age of fourteen (14) in the Circuit Court of Panola County, Mississippi. *Id.* at 1; *see also* Doc. # 8-1. Subsequently, on November 23, 2016, the trial court entered an order sentencing Hawkins to serve twenty (20) years. Doc. # 8-3. Hawkins did not appeal his conviction or sentence because Mississippi statute does not permit direct appeals from a guilty plea. *See* Miss. Code Ann. § 99-35-101.

On June 15, 2017, Hawkins signed a "Motion for Post-Conviction Collateral Relief" which was stamped as "filed" in the Circuit Court of Panola County on June 30, 2017. Doc. # 8-4. The

circuit court denied Hawkins' motion by order signed on November 22, 2017, and stamped as "filed" on November 28, 2017. Doc. # 8-5. Hawkins did not appeal the circuit court's denial of his motion for post-conviction collateral relief. *See* Doc. #s 8-6, 8-7 (dockets of circuit court indicating no appeal filed).

Hawkins filed the instant petition for federal habeas corpus relief on July 26, 2021. Doc. # 1. On July 28, 2021, the Court entered an order directing the respondents to answer Hawkins' petition on or before October 10, 2021. Doc. # 4. On September 23, 2021, Respondents moved to dismiss Hawkins' petition with prejudice as untimely filed. Doc. # 8. The Court granted Hawkins an additional thirty (30) days to respond to the motion on October 19, 2021. Doc. # 10. Despite this extension, Hawkins failed to file a response and the time for doing so has passed. The matter is now ripe for resolution.

## **Legal Standard**

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion to dismiss should be granted turns on the statute's limitation period, which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

## Discussion

As noted above, by statute there is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. Hawkins' conviction, therefore, became final on November 23, 2016, the date on which he was sentenced.[1] *See Roberts v. Cockrell*, 319 F.3d 690, 690 (5th Cir. 2003). Thus, absent statutory or equitable tolling, Hawkins' federal habeas petition must have been filed on or before November 23, 2017, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Hawkins must have filed an application for post-conviction relief on or before November 23, 2017, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2). Hawkins filed a single motion for post-conviction relief in the circuit court which he signed on June 15, 2017. The circuit court denied Hawkins' motion by order entered on November 28, 2017. Thus, Hawkins is entitled to 167 days (June 15, 2017- November 28, 2017) of statutory tolling under 28 U.S.C. § 2244(d)(2), during the pendency of his motion in state court. Taking this tolled period into account, Hawkins' federal habeas petition must have been filed on or before May 9, 2018 (November 23, 2017, plus 167 days) to be timely.

Under the "mailbox rule," the Court considers Hawkins' federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Hawkins failed to sign the instant petition. The envelope in which it was mailed, however, reflects a postage date of July 22, 2021. Doc. #1, p. 37. Hawkins, therefore, filed the instant petition more than three years after the May 9, 2018, deadline for filing said petition. Consequently, the Court may review the merits of Hawkins' claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

---

[1] The exceptions of § 2244(d)(1)(B-D) are inapplicable in the instant case.

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted).

While Hawkins does not specifically argue for the application of equitable tolling, he does aver in his petition that he was "trying to do the best [he knew] how" and that he "[doesn't] know nothing about this writ of habeas corpus." Doc. # 1, p. 12. However, "mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling . . . ." *Felder*, 204 at 172; *see also Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). Hawkins has otherwise presented no identifiable arguments regarding equitable tolling, and the Court does not find equitable tolling of the limitations period to be warranted in this case.

In sum, Hawkins' petition is untimely, and Respondents' motion to dismiss should be granted.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Hawkins must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Hawkins must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

**Conclusion**

For the reasons set forth herein, the Court **GRANTS** Respondents' Motion to Dismiss [8] and **DISMISSES** with prejudice the petition [1] filed in this cause. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED** this, the 30th day of November, 2021.

/s/ Michael P. Mills
**SENIOR U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**